NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER HERNANDEZ AGUINIGA, | No. 24-3263 |
| Petitioner, | Agency No. A073-932-175 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Petitioner Javier Hernandez Aguiniga seeks review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

decision denying his application for cancellation of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The only question subject to judicial review in this case is whether the "established facts satisfy the statutory eligibility standard," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), which we review under the substantial evidence standard, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "The facts underlying any determination on cancellation of removal … [are] unreviewable." *Wilkinson*, 601 U.S. at 225. Under the highly deferential standard applicable here, we may grant the petition only if the petitioner shows that the "established facts," *id.*, as found by the agency "compel the conclusion" that the agency's eligibility determination was incorrect. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We review questions of law de novo. *Id.* And where "the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

Substantial evidence supports the agency's determination that none of Petitioner's qualifying family members have health or educational issues that would rise to the level of "exceptional and extremely unusual hardship." The IJ found that Aguiniga's children were all healthy and doing well in school. And although his

---

[1] The IJ also denied Petitioner's application for adjustment of status, but Petitioner has waived any challenge to this ruling by failing to raise any argument on this point in his appellate briefing.

wife reported mild psychological ailments, the IJ found that the illness was insufficiently severe to establish "exceptional and extremely unusual hardship" when considered in the aggregate. This court may not review, overturn, or disagree with the IJ's findings about the seriousness of Petitioner's wife's psychological conditions. *See Wilkinson*, 601 U.S. at 225. The record thus does not compel the conclusion that Aguiniga's qualifying family members have health or educational issues that are truly exceptional such that his removal would cause those relatives hardship that meets the "stringent" and "very demanding" statutory standard of exceptional and extremely unusual hardship. *See id.* at 213; *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010).

Substantial evidence also supports the agency's determination that Aguiniga's qualifying relatives would not experience "exceptional and extremely unusual" economic hardship if he were removed to Mexico. The IJ determined that Aguiniga would be able to continue to financially support his family to some extent even if removed to Mexico. And even assuming that Aguiniga's removal would result in his family experiencing reduced financial circumstances, "economic detriment alone is insufficient to support even a finding of extreme hardship." *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002). Accordingly, nothing in the record compels a conclusion other than the agency's—namely, that the hardship that Aguiniga's qualifying relatives might experience from his removal is not "substantially different

3                                                                                    24-3263

from, or beyond, that which would normally be expected from" the removal of a family member. *See In re Monreal-Aguiniga*, 23 I. & N. Dec. 56, 65 (BIA 2001).

**PETITION DENIED**.